# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-386V
**Filed: May 6, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| AZELL VICKERS *as administrator* | * | |
| *and legal representative of the Estate* | * | |
| *of Markelle D. Vickers, deceased*, | * | Joint Stipulation on Damages; |
| | * | Diptheria-tetanus-acellular pertussis |
| Petitioner, | * | ("DTaP") vaccine; Hepatitis A |
| v. | * | ("Hep. A") vaccine; Necrotizing |
| | * | Myopathy; Death |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Ramon Rodriguez, III, Esq., Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Ryan Pyles, Esq., US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

      Markelle Vickers ["Mr. Vickers"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on May 6, 2014. After his death, Azell Vickers ["Ms. Vickers" or "petitioner"] was substituted as petitioner. Petitioner alleges that Mr. Vickers developed necrotizing myopathy and related sequelae and ultimately died after receiving a diphtheria-tetanus-acellular pertussis ("DTaP") and/or a Hepatitis A ("Hep. A") vaccine on or

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

about May 6, 2011.  *See* Stipulation, filed May 4, 2016, at ¶¶ 1-4.  Respondent denies that the DTaP and Hep. A immunizations, singly or in combination, caused petitioner's injury or death.  Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On May 5, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

**(1) A lump sum of $626,748.68, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner, Azell Vickers, and**

> **Department of Health Care Services**
> **Recovery Branch—MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**

which petitioner agrees to endorse to the Department of Health Care Services; and

**(2) A lump sum of $150,000.00, in the form of a check payable to petitioner, Azell Vickers, as legal representative of the Estate of Markelle D. Vickers.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

             **s/ Mindy Michaels Roth**
               Mindy Michaels Roth
               Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

AZELL VICKERS, as Administrator and
Legal Representative of the Estate of
MARKELLE D. VICKERS, deceased,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 14-386V
Special Master Mindy Michaels Roth
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Markelle D. Vickers (Mr. Vickers) filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon Mr. Vickers' death, Azell Vickers (petitioner) was substituted as petitioner. The petition seeks compensation for injuries, resulting in death, allegedly related to Mr. Vickers' receipt of a diphtheria-tetanus-acellular pertussis (DTaP) and/or a Hepatitis A (Hep. A) vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Vickers received his DTaP and Hep. A immunizations on or about May 6, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the DTaP and Hep. A vaccines, either singly or in combination, caused Mr. Vickers to develop a necrotizing myopathy and related sequelae, which in turn resulted in Mr. Vickers' death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Markelle D. Vickers, as a result of Mr. Vickers' alleged injury and/or death.

6. Respondent denies that the DTaP and Hep. A immunizations, either singly or in combination, caused Mr. Vickers' alleged injury and/or any other injuries. Respondent further denies that the DTaP and Hep. A immunizations, either singly or in combination, contributed to, or resulted in, Mr. Vickers' death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$626,748.68**, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner and

   Department of Health Care Services
   Recovery Branch - MS 4720
   P.O. Box 997421
   Sacramento, CA 95899-7421.

Petitioner agrees to endorse this payment to the Department of Health Care Services; and

   b. A lump sum of **$150,000.00** in the form of a check payable to petitioner, as legal representative of the Estate of Markelle D. Vickers. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42

2

U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Markelle D. Vickers, under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Markelle D. Vickers. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Markelle D. Vickers at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Markelle D. Vickers, upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the Estate of Markelle D. Vickers, on behalf of

herself, the Estate, and Mr. Vickers' heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Vickers resulting from, or alleged to have resulted from, the vaccinations administered on or about May 6, 2011, as alleged in a petition for vaccine compensation filed on or about May 6, 2014, as amended on September 15, 2014, in the United States Court of Federal Claims as petition No. 14-386V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or Hep. A vaccines, either singly or in combination, caused Mr. Vickers' alleged injury and/or any other injury or his death; or that Mr. Vickers' death occurred as a result of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Markelle D. Vickers.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_____
AZELL VICKERS, as Legal
Representative of the Estate of
MARKELLE D. VICKERS

ATTORNEY OF RECORD FOR
PETITIONER:

_____
RAMON RODRIGUEZ III, M.D.
RAWLS, McNELIS & MITCHELL
211 Rocketts Way, Ste. 100
Richmond, VA 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: May 5, 2016

6