# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-386V
**Filed: November 15, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AZELL VICKERS *as Administrator*
*and Legal Representative of the Estate*
*of Markelle D. Vickers, deceased*,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Attorney's Fees and Costs;
Amount Requested To Which
Respondent Does Not Object.

*Ramon Rodriguez, III, Esq.*, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
*Ryan Pyles, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Roth**, Special Master:

      Markelle Vickers ("Mr. Vickers") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on May 6, 2014. After his death, Azell Vickers ("Ms. Vickers" or "petitioner") was substituted as petitioner. Petitioner alleges that Mr. Vickers

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

developed necrotizing myopathy and related sequelae and ultimately died after receiving a diphtheria-tetanus-acellular pertussis ("DTaP") and/or a Hepatitis A ("Hep. A") vaccine on or about May 6, 2011.  On May 6, 2016, I issued a decision awarding compensation to petitioner based on the parties' stipulation.  Decision, issued May 6, 2016, ECF No. 42.

On November 2, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.  ECF No. 47.[3]  Petitioner requests attorneys' fees in the amount of $38,204.17,[4] attorneys' costs in the amount of $11,785.83, and petitioner's out-of-pocket costs in the amount of $2,077.44, for a total amount of $52,067.44.  *Id.* at 4-5, 9.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $2,077.44 in out-of-pocket expenses.  Pet. Ex. 22.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $52,067.44[5] as follows:**

- **A lump sum of $49,990.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Azell Vickers, and petitioner's counsel, Ramon Rodriguez III; and**

- **A lump sum of $2,077.44, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Azell Vickers.**

---

[3] The motion was filed as an unopposed motion.  Petitioner's counsel provided respondent's counsel with a draft of petitioner's request for fees and costs and, after conferring with respondent's counsel, decreased the amount requested before filing his formal motion for fees and costs.  Respondent's counsel advised petitioner's counsel that he had no opposition to petitioner's request for fees and costs.  *See* Motion, ECF No. 47, p. 9.  My chambers confirmed with respondent's counsel that he did not object to the amount requested, though respondent's lack of objection is not construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or other costs related to litigation.

[4] Petitioner's counsel stated that he reduced the total sum requested for attorney's fees and costs following conversation with respondent's counsel.  The reduced figure, found at page 9 of the Motion, does not separate attorney's fees from attorney's costs.  To arrive at a total of $38,204.17 for attorney's fees, I subtracted the costs incurred by both petitioner and her counsel (found in the General Order #9 Statement, Pet. Ex. 22) from the total requested by counsel.  I have made no determination as to counsel's hourly rate in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

...
...
...

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.